Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
18960 Ventura Blvd., P.O. Box 46
Tarzana, CA 91356
Telephone: (818) 876-9631
chamner@hamnerlaw.com

Attorneys for Plaintiff, Danielle Riddell, an individual California resident and the proposed class

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIELLE RIDDELL, an individual California resident, and the proposed class, <br><br> Plaintiff <br><br> v. <br><br> NAVIENT CORPORATION, a Delaware corporation; NAVIENT SOLUTIONS, LLC, a Delaware corporation, and DOES 1 THROUGH 100, inclusive, <br><br> Defendants. | Case No. **'19CV1623 AJB BLM** <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1601** *et seq.* <br> 2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION ACT [CALIFORNIA CIVIL CODE §§ 1788** *et seq*.**]** <br> 3. **VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW** <br> 4. **BREACH OF CONTRACT** <br> 5. **UNJUST ENRICHMENT** <br> 6. **FRAUD** <br><br> **DEMAND FOR JURY TRIAL** |

1

RIDDELL v. NAVIENT CORPORATION, ET AL.

## I.   INTRODUCTION

1.  Plaintiff Danielle Riddell, a borrower of a Navient owned and processed student loan, complains of violations by Navient of California law and the Fair Debt Collection Practices Act (15 V.S.C. § 1601 *et seq.*) by making inaccurate, misleading, untrue, and unfair misrepresentations and omissions to Plaintiff and other borrowers like her who were placed on a forbearances with Navient.

## II.   PARTIES

### A.  Plaintiff

2.  Plaintiff Danielle Riddell is a resident of San Juan Capistrano, California.  Plaintiff took out loans from Navient and its predecessors in 2006 and 2007 to attend classes at National University for a certification and Master's in Education.

3.  Plaintiff currently works as an elementary school teacher in San Juan Capistrano, California.  Plaintiff's loans from Navient are in repayment.

### B.  Defendants

4.  Defendants, Navient Corporation and Navient Solutions, LLC, (collectively "Navient") are a Delaware corporation which has assumed responsibility for liabilities for Plaintiff's student loan and the student loans of the proposed class.

5.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

6.  Defendant Navient is a "debt collector" as defined by § 1692a(6) of the FDCPA.

7.  The true names and capacities, whether individual, corporate,

associate, or otherwise, of Defendants sued here in as DOES 1 through 10, inclusive, are currently unknown to plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure section 474. Plaintiff is informed and believes, and based thereon alleges, that Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

### III.   ALLEGATIONS

8. The Plaintiff's federal student loans were "debts" as that term is defined by FDCPA.

9. Navient services approximately $300 billion in federal and private student loans held by 12 million borrowers, including an estimated 1.5 million in California.

10. At all relevant times, Defendants acted (a) as a principal; (b) under express or implied agency; or (c) with actual or ostensible authority to perform the acts alleged in this Complaint on behalf of every other named Defendant.

11. At all relevant times, some or all Defendants acted as the agent of the others, and all Defendants acted within the scope of their agency if acting as an agent of another.

12. Between 2011 and the present, Plaintiff was placed by Defendants into at least three forbearances

13. As with every other similarly situated student loan borrower from Defendants, when Plaintiff requested information regarding a forbearance, or asked to be placed into a forbearance, Defendant made certain representations and omissions to Plaintiff and other borrowers like her, which was false or misleading,

made with the purpose for the effect of placing Defendants borrowers like Plaintiff into less fair, less appropriate, and / or more costly to Plaintiff and other borrowers like her.  Navient guided Plaintiff into these forbearances without first exchanging less expensive and more appropriate options for her.

14.     Plaintiff alleges Navient failed to advise Plaintiff and other borrowers toward the better and, ultimately, less costly, options available to them, instead steering these borrowers into forbearances with higher repayment costs. Plaintiff alleges this constituted unfair competition and false advertising.

15.     The forbearance Navient placed on Plaintiff was based on misleading advice and other communications from Navient to Plaintiff, and other borrowers like her, who sought from Navient and reasonably relied upon Navient's marketing, counseling, selling and advice regarding the real facts of the forbearance, in particular, that this was not a good financial option for Plaintiff, and that there were not other better options available to Plaintiff, although not as profitable for Navient, were not explained to Plaintiff and other borrowers like her.  Navient made material misrepresentations and omissions by Navient to Plaintiff and other borrowers like her.

16.     Navient omitted and misrepresented the credit benefits of rehabilitating defrauded loans, rather than entering into forbearance, provided false information as it relates to collection fees on rehabilitation, and inaccurately advises borrowers that the disability loan forgiveness required a permanent inability to work, when in fact no such stringent requirement existed.

17.     These actions, acts, omissions and breach of contract and other unlawful conduct resulted in Plaintiff, and other borrowers like her, who were advised by Navient at the time of entering into forbearance were wronged under California false advertising law in, including but not limited to violations of §

4

1770:

    (a) The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer are unlawful:

    (2) Misrepresenting the source, sponsorship, approval, or certification of goods or services.

    (5) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have.

    (7) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.

    (8) Disparaging the goods, services, or business of another by false or misleading representation of fact.

    (9) Advertising goods or services with intent not to sell them as advertised.

    (13) Making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions.

    (14) Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law.

    (16) Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

    (17) Representing that the consumer will receive a rebate, discount, or other economic benefit, if the earning of the benefit is contingent on an event to occur subsequent to the consummation of the transaction.

(19)   Inserting an unconscionable provision in the contract.

18.   In about April of 2019, Plaintiff requested to be placed in another forbearance.  At no time did Defendants advise or reveal to Plaintiff as alleged above.

19.   At all relevant times, Defendants knew, or should have known or realized, that the other Defendants were engaging in or planned to engage in the violations of law alleged in this Complaint. Knowing or realizing that the other Defendants were engaging in such unlawful conduct, each Defendants nevertheless facilitated the commission of those unlawful acts.  Defendants intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other Defendants in the unlawful conduct.

20.   Plaintiff alleges Navient promised Plaintiff and the class she seeks to represent, that it would counsel them on various reduced-repayment options in light of their financial situation. In reality, Navient steered Plaintiff and the proposed class facing long-term financial distress into short-term forbearances rather than informing them of options that could have saved borrowers thousands of dollars. Navient did this to save itself time and money. For borrowers like Plaintiff and the proposed class that were able to ultimately able to enroll in a reduced repayment plan, Navient provided them with deficient and misleading notices regarding renewal of those plans. And when, as a result, borrowers like Plaintiff and the proposed class failed to timely renew, their monthly repayment amount would immediately increase. Navient also promised borrowers that they could reduce their principal by making extra payments but applied overpayments first to fees and interest.  These and other systematic violations of California's consumer-protections laws have harmed

numerous California borrowers with federal student loans serviced by Navient.

21. Plaintiff alleges Navient guided Plaintiff into these forbearances without first exchanging less expensive and more appropriate options for her. Navient failed to advise Plaintiff and other borrowers toward the better and, ultimately, less costly, options available to them, instead steering these borrowers into forbearances with higher repayment costs. Plaintiff alleges this constituted unfair competition and false advertising.

22. Plaintiff alleges Navient failed to advise Plaintiff of all of her financial options and failed to explain other better options to Plaintiff and other borrowers like her. Plaintiff alleges Navient made material misrepresentations and omissions Plaintiff and other borrowers like her.

23. Plaintiff alleges these actions, acts, omissions and breach of contract and other unlawful conduct resulted in Plaintiff, and other borrowers like her, who were advised by Navient at the time of entering into forbearance were wronged under California false advertising law.

24. Plaintiff alleges Defendants have engaged in a conspiracy, common enterprise, and common course of conduct, the purpose of which is and was to engage in the violations of law alleged in this Complaint. The conspiracy, common enterprise, and common course of conduct continue to the present.

25. Plaintiff alleges Navient illegally steers federal student-loan borrowers into inappropriate and harmful forbearances, rather than income-driven repayment plans.

26. Navient's website states that forbearance is appropriate for borrowers experiencing "a problem making on-time payments due to a temporary financial difficulty." The website also states: "Forbearance is

intended to help you out in times of temporary need." Plaintiff alleges this is untrue.

27. Plaintiff alleges despite Defendants' stated publicly promising to help borrowers identify and enroll in an appropriate, affordable repayment plan, Navient's representatives instead steered Plaintiff and the proposed class borrowers into forbearances. In some cases, Navient representatives failed to mention the availability of income-driven repayment plans at all.

28. Plaintiff alleges on information and belief that instead, representatives falsely and routinely told borrowers that forbearances were the only option even after the borrowers had, over the span of several years, repeatedly informed Navient that their income was insufficient to make their loan payments, thereby steering Plaintiff and other borrowers into harmful and inappropriate forbearances, reducing Navient's operational costs while causing serious financial harm to borrowers.

### III.   CLASS ALLEGATIONS

29. Pursuant to Federal Rules of Civil Procedure Rule 23, Plaintiff seeks to represent the rights of the following class of Navient borrowers:

> **All Navient borrowers in the United States who received or were put into a forbearance in the last four years.**

30. Plaintiffs reserve the right to seek to amend or edit this class definition.

31. Plaintiffs bring this cause of action on themselves of themselves and on behalf of all persons similarly situated, as explained herein.

32. There is a well-defined community of interest in the litigation and the class is ascertainable.

33. The proposed class is so numerous that individual joinder of all members is impractical under the circumstances of this case. While the exact number of class members is unknown to Plaintiffs at this time, Plaintiffs are informed and believe and thereon allege that the class consists of potentially 100,000 persons or more.

34. Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class that Plaintiffs seek to represent.

35. Plaintiff's fraudulent inducement and fraud claims are typical of the claims of the class. Plaintiff and other class members sustained losses, injuries and damages arising out of the Defendants' common enterprise, and course of conduct referred to in each cause of action and throughout this complaint.

36. Plaintiffs and their counsel will fairly and adequately protect the interests of the class. Plaintiffs have no interest that is averse to the interests of the other class members.

37. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class

action. The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as class action. Individual litigation and claims would also present the potential for inconsistent or contradictory results.

## IV.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1601 *et seq.***

38. Plaintiff and the proposed class incorporate all previous paragraphs of this complaint as though fully set forth herein.

39. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money or services which are the subject of the transaction are primarily for personal, family or household purposes ,whether or not such obligation has been reduced to a judgment. 15 U.S.C. 1692a(5). Here Defendants sent Plaintiff and members of the proposed class notices to collect on federal student loans serviced by Navient.

40. Under FDCPA, "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts. Here, Defendants uses telephones, and the mails in connection with Defendants' debt collection practices.

41. Defendants violated the FDCPA. Defendants' violations include but are not limited to the following:

a. Defendants violated U.S,C. § 1692( d) by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

b. Defendants violated U.S,C. § 1692(e) by using false, deceptive and misleading representations or means in connection with the collection of a debt;

c. Defendants violated U.S,C. § 1692e(2) by falsely representing the character, amount of legal status of a debt;

d. Defendants violated U.S,C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect a debt or to obtain information regarding a consumer;

e. Defendants violated U.S,C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

f. Defendants violated U.S,C. § 1692(f)(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law;

42.  As a result of the above violations of FDCPA, Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorneys fees and costs pursuant to 15 U.S.C. § 1692(k).

## SECOND CAUSE OF ACTION

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION ACT [CALIFORNIA CIVIL CODE §§ 1788 *et seq*.]**

43.  Plaintiff and the proposed class incorporate all previous paragraphs of this complaint as though fully set forth herein.

44. Under the Rosenthal Act, "the false representations of the true nature of the business or services being rendered by the debt collector are unlawful". Plaintiff alleges Defendants have misrepresented the nature of its business by guiding Plaintiff and the proposed class into loan forbearances without first exchanging less expensive and more appropriate options for her. Navient failed to advise Plaintiff and other borrowers toward the better and, ultimately, less costly, options available to them, instead steering these borrowers into forbearances with higher repayment costs. Plaintiff alleges the forbearance Navient placed on Plaintiff and other borrowers is based on misleading advice and other communications from Navient to Plaintiff, and other borrowers like her, who sought from Navient and reasonably relied upon Navient's marketing, counseling, selling and advice regarding the real facts of the forbearance. Specifically, Navient failed to advise Plaintiff of all of her financial options and failed to explain other better options to Plaintiff and other borrowers like her. Navient made false representations and omissions Plaintiff and other borrowers like her.

45. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

46. As a proximate result of Defendants' actions and omitted alleged herein above, Plaintiff has been damaged in amounts subject to proof.

47. Defendants' violations if the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorneys fees and costs pursuant to California Civil Code § 1788.30.

## THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW [CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CCP § 1750]

48. Plaintiff and the proposed class incorporate all previous paragraphs of this complaint as though fully set forth herein.

49. California Business and Professions Code section 17500 *et seq*. prohibit unfair, deceptive, untrue or misleading advertising.

50. The California legislature enacted the CLRA "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection," to "to promote" these purposes, the California legislature directed that the CLRA "be liberally construed and applied."

51. After setting forth a list of unlawful "methods of competition and unfair or deceptive acts or practices," the CLRA authorizes any consumer who has been damaged by an unlawful method, act, or practice to bring an action for various forms of relief, including "an order enjoining the methods, acts, or practices."

52. The CLRA also expressly declares that any waiver by a consumer of the CLRA's provisions is contrary to public policy and shall be unenforceable and void.

53. Plaintiff alleges on information and belief that if they and other

members of the proposed class had been aware of Defendants' false and misleading assertions regarding Plaintiff's student loans, Plaintiff and the proposed class would not have chosen short term forbearances, and instead would have selected other options which could have saved borrowers thousands of dollars.

54.     Plaintiff alleges Defendants' statements regarding Plaintiffs' reduced payment options in light of their financial situations were, and continue to be, false, deceptive, misleading, and fraudulent under the California Business and Professions Code section 17500 *et seq*.

55.     Plaintiff alleges Defendants' deceptive practices were specifically designed to steer vulnerable borrowers toward more expensive repayment plans, failed to adequately disclose how students could attain income driven repayment recertification, misrepresented the order in which it would apply overpayments, and misrepresented the amount due to delinquent borrowers.

56.     On or about January 14, 2019, Plaintiff sent a CLRA violation notice to Navient alleging that Navient made inaccurate, misleading, untrue, and unfair misrepresentations and omissions to Plaintiff and borrowers like her who were placed on a forbearance.

57.     Pursuant to California Civil Code section 17500 *et seq*. Plaintiffs allege they have standing to bring this false advertising action.

58.     Plaintiff alleges she and the proposed class have suffered fraud and false advertising damages from Navient's servicing and collection of student loans.

59.     Plaintiff alleges her damages were directly and proximately caused by the unfair business and false advertising practices alleged herein.

60.     Plaintiff alleges that the material misrepresentations and omissions

alleged herein directly and proximately led to the false advertising and fraud damages suffered by Plaintiff and the proposed class.

## FOURTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

61. Plaintiff and the proposed class incorporate all previous paragraphs of this complaint as though fully set forth herein.

62. Defendants and Plaintiff entered into an express contract whereby Navient services Plaintiff's federally funded student loans.

63. In ever contract or agreement there is an implied promise of good faith and fair dealing. Each party to the contract implicitly agrees it will not do anything to unfairly interfere with the right of another party to receive the benefits of the contract.

64. Defendants violated the duty to act fairly and in good faith by engaging in the acts, omissions, and breaches alleged herein.

65. Plaintiff alleges Plaintiff and Defendants entered into a student loan agreement whereby Defendants were to fairly and reasonably administer and collect on Plaintiff's student loan.

66. Plaintiff has performed and continues to perform, or is otherwise excused from performance.

67. All conditions required for Defendants' performance have been excused.

68. Defendants unfairly interfered with Plaintiff's right to receive the benefits of her student loan agreement.

69. Plaintiff and the proposed class were harmed by Defendants'

Case 3:19-cv-01623-AJB-BLM   Document 1   Filed 08/28/19   PageID.16   Page 16 of 20

1 conduct.

2  70. Plaintiff alleges Navient failed to advise Plaintiff of all of her financial options and failed to explain other better options to Plaintiff and other borrowers like her. Plaintiff alleges Navient made material misrepresentations and omissions Plaintiff and other borrowers like her.

71. Navient omitted and misrepresented the credit benefits of rehabilitating defrauded loans, rather than entering into forbearance, provided false information as it relates to collection fees on rehabilitation, and inaccurately advises borrowers that the disability loan forgiveness required a permanent inability to work, when in fact no such stringent requirement existed.

## FIFTH CAUSE OF ACTION

## UNJUST ENRICHMENT

72. Plaintiff and the proposed class incorporate all previous paragraphs of this complaint as though fully set forth herein.

73. Plaintiff and the proposed class conferred benefits on Defendants by allowing their loans to be placed in forbearances.

74. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and class members loans serviced by Defendants. Retention of those moneys under these circumstances is unjust and inequitable because Defendants misrepresented less costly, options available to Plaintiff and borrowers like her, instead steering these borrowers into forbearances with higher repayment costs. These misrepresentations caused injuries to Plaintiff and the proposed class because they would not have relied on Defendants' statements if the true facts were known.

16
RIDDELL v. NAVIENT CORPORATION, ET AL.

## SIXTH CAUSE OF ACTION

## FRAUD

75. Plaintiff incorporates by reference and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

76. Plaintiff brings this cause of action on behalf of herself and the members of the proposed class.

77. When Defendants failed to disclose income driven repayment plans, misrepresented amounts due to borrowers, steered vulnerable borrowers toward more expensive repayment plans, misrepresented the order in which it would apply overpayments and failed to properly discharge the federal student loans of borrowers with a total and permanent disability, Defendants knew these statements were false and misleading.

78. Plaintiff and the proposed class would not have reasonably relied on Defendants' collection practices but for Defendants' false and misleading representations and concealment of material facts.

79. By misrepresenting and concealing material information about Navient's loan servicing practices and fees, and Plaintiffs' reduced repayment options, Defendants intended to induce, and did reasonably induce, Plaintiff and the proposed class into short term forbearances, Plaintiff and the proposed class justifiably relied on the representations made by Defendants about their Navient student loan repayment options.

80. Defendants misrepresentations and omissions regarding Navient's loan servicing repayment options to those Plaintiffs in long term financial distress, were made with knowledge or with reckless disregard for Plaintiffs' true repayment options.

81. Defendants and each of them: made representations, as facts,

which were not true and Defendants did not believe to be true at the time made; made assertions, as facts, which were not true and Defendants had no reasonable grounds for believing to be true at the times they were made; misled the public, through misleading images and in other manners (e.g., by misrepresenting their loan collection practices and fees; and/or suppressed facts, which it was bound to disclose, or give information of other facts which were likely to mislead for want of communications of the suppressed facts.

82. As a result of Defendants' wrongful conduct, Plaintiff and the proposed class have suffered and continue to suffer economic losses and other general and specific damages, including but not limited to monies paid toward Navient student loan debts and fees, and any interest that would have been accrued on those monies, all in an amount to be determined according to proof at time of trial.

83. As a direct and proximate result of Defendants' misrepresentations and omissions, Plaintiff and the proposed class has been damaged in an amount according to proof at trial.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiff, prays for a judgment:

1. Awarding Plaintiff all due damages, including actual economic damages and general and specific damages;

2. Awarding restitution and disgorgement of Defendants' revenues to Plaintiff;

3. Awarding injunctive relief as permitted by law or equity, including: enjoining Defendants from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct

and pay them restitution and disgorgement of all monies acquired by Defendants by means of any act or practice declared by this Court to be wrongful;

     4.     Awarding attorneys' fees and costs to Plaintiff's counsel;

     5.     Awarding punitive damages as against Defendants;

     6.     Awarding damages, fines and penalties against Defendants as permitted by law;

     7.     Providing such further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**DATED:** August 27, 2019          **HAMNER LAW OFFICES, APLC**

_____
By: Christopher J. Hamner, Esq.
Attorneys for Danielle Riddell and the proposed class

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 27th day of August 2019, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants.

                                              /s/ Christopher J. Hamner
                                              Christopher J. Hamner, Esq.